UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ESZTER PRYOR,

      Plaintiff,   :

  v.                    Case No. 2:22-cv-163
                      Judge Sarah D. Morrison
                      Magistrate Judge Kimberly A. Jolson

THE OHIO STATE UNIVERSITY,  :

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on The Ohio State University's Motion for Summary Judgment. (Mot., ECF Nos. 41 (redacted), 42 (sealed).) Eszter Pryor responded (Resp., ECF Nos. 55 (redacted), 56 (sealed)) and Ohio State replied (Reply, ECF No. 59). Because Ms. Pryor's sole claim is barred by the statute of limitations, Ohio State's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

As this Court previously stated, the facts of this case are troubling. Ms. Pryor alleges that, when she was a seventeen-year-old member of the Ohio State University Diving Club, she was sexually abused by her coach, William Bohonyi. (ECF No. 1.) The abuse took place in 2014. Ms. Pryor filed this action in 2022, asserting a single claim under Title IX.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

**III. ANALYSIS**

Ohio State argues that it is entitled to summary judgment for four reasons. Because the first is dispositive, the Court will not address the remaining three.

    **A.    Ohio's two-year statute of limitations for general personal injury claims applies to Ms. Pryor's Title IX claim.**

Title IX provides that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). Title IX contains an implied private right of action. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 717 (1979). Given that the right is implied, "it should come as no surprise" that Title IX does not include an express statute of limitations. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1013 (6th Cir. 2022). Instead, Title IX "adopts the forum state's statute of limitations for personal-

2

injury actions." *Id.* (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134–36 (9th Cir. 2006); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004)); *see also Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (explaining that Title IX "borrows from Ohio's two-year statute of limitations for personal injury claims").

Ohio law contains a two-year limitations period for general personal injury claims. Ohio Rev. Code § 2305.10(A). Where, as here, the person entitled to bring an action is a minor, the limitation period is tolled until her eighteenth birthday. Ohio Rev. Code § 2305.16; *see also* Ohio Rev. Code § 3109.01 (defining the age of majority). Ms. Pryor turned eighteen in July 2015. (*See* ECF 56-1, PAGEID # 9432.) This case was filed in January 2022—more than four years after the limitations period closed. Ms. Pryor's Title IX claim is time-barred.

**B. *Doe 1 v. Cleveland Metropolitan School District* does not save Ms. Pryor's claim.**

Ms. Pryor argues that Ohio's twelve-year statute of limitations for child sex abuse claims applies to her claim. (Resp., PAGEID # 9424–28 (citing Ohio Rev. Code § 2305.111(C)).) She cites the Northern District's decision in *Doe 1 v. Cleveland Metro. Sch. Dist. Bd. or Educ.*, 533 F. Supp. 3d 567 (N.D. Ohio 2021) for support. A close reading of binding case law leads this Court to conclude that *Doe 1* was wrongly decided.

3

### 1. *Doe 1* focuses on finding the "most analogous" state statute of limitations.

In *Doe 1*, several graduates of Cleveland School of the Arts, a high school in the Cleveland Metro School District, brought suit alleging that an instructor had sexually abused them when they were students. The plaintiffs asserted claims under Title IX and Ohio law. CMSD argued that the Title IX claims, brought three years after the youngest plaintiff turned eighteen, were time-barred. The court concluded that the twelve-year statute of limitations in Ohio Rev. Code § 2305.111(C) applied and the plaintiffs' claims were timely. To explain why this Court disagrees with the conclusion, it helps to retrace *Doe 1*'s steps.

*Doe 1*'s analysis began with another decision from the Northern District, *Spragling v. Akron Pub. Schs.*, No. 5:18CV1969, 2019 WL 1255215 (N.D. Ohio Mar. 19, 2019). The *Spragling* court rejected the argument that § 2305.111(C) extended the time to file Title IX claims, concluding that "Sixth Circuit authority"—specifically, *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)—"bound it to apply Ohio's two-year statute of limitations under Title IX." *Doe 1*, 533 F. Supp. 3d at 573. The *Doe 1* court turned its attention to *Lillard* next.

In *Lillard*, the Sixth Circuit sought to determine what limitations period applies to a Title IX claim. 76 F.3d at 728. Two options were presented for consideration: (1) the regulations' 180-day period for initiating administrative proceedings; and (2) the Third Circuit's approach of adopting "the most analogous state limitations period"—namely, "the period applicable to personal injury claims." *Id.* at 728–29 (citing 34 C.F.R. §§ 100.7(b), 106.71; *Bougher v. Univ. of Pittsburgh*,

4

882 F.2d 74 (3rd Cir. 1989)). The *Lillard* court concluded that "[t]he great weight of authority . . . plainly favor[ed]" the latter. *Id*.

The *Doe 1* court found that "*Lillard* did not hold that the personal-injury limitations period applies instead of a <u>more analogous</u> statute of limitations." 533 F. Supp. 3d at 573 (emphasis added).

> **2. This Court finds that the federal interest in uniformity and certainty among all Title IX claims outweighs any interest in finding the "most analogous" limitations period.**

*Doe 1* overreads *Lillard*'s application of a "more analogous" limitations period. In fact, the *Lillard* court said:

> because we believe the cases applying state personal injury limitations periods to Title IX . . . claims, and *Bougher* in particular, are well-considered and correctly decided, we adopt that reasoning today.

76 F.3d at 729. So the Undersigned looks to *Bougher*, which relied on the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute*, to determine the timeliness of the plaintiff's § 1983, § 1985, and Title IX claims. 882 F.2d at 78.

In *Wilson*, the Court took a three-step approach to determine the "most appropriate" limitations period for § 1983 claims:

> We must first consider whether state law or federal law governs the characterization of a § 1983 claim for statute of limitations purposes. If federal law applies, we must next decide whether all § 1983 claims should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case. Finally, we must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle.

5

471 U.S. at 268. The second step (whether all § 1983 claims should have the same limitations period, regardless of the underlying facts) is most relevant here. On this point, the Court reminded litigants of the important policy interests underlying statutes of limitations:

> A federal cause of action "brought at any distance of time" would be "utterly repugnant to the genius of our laws." *Adams v. Woods*, 2 Cranch 336, 342, 2 L.Ed.2d 297 (1805). Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost. In compelling circumstances, even wrongdoers are entitled to assume that their sins may be forgotten.

*Id*. at 271. The Supreme Court then discussed the unique aspects of § 1983—that it is a remedial statute, capable of supplanting and supplementing state-law remedies, used to vindicate various infringements on civil rights—and concluded that "a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." *Id*. at 272. In contrast to these purposes, a case-by-case, fact-specific determination of the limitations period would "inevitably breed[] uncertainty[.]" *Id*. Accordingly, the "federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion" that a single statute of limitations—the forum state's statute of limitations for personal injury claims—should apply to § 1983, regardless of the factual circumstances alleged or legal theories advanced. *Id*. at 275.

Four years after *Wilson*, the Supreme Court reiterated the importance of uniformity and certainty. In *Owens v. Okure*, 488 U.S. 235 (1989), the Court addressed whether to use specific or general personal injury statutes of limitations

6

for § 1983 claims. Writing for a unanimous Court, Justice Thurgood Marshall concluded that

> where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.

*Id*. at 250. In so holding, the Court rejected the assertion "that courts should borrow the intentional tort limitations periods because intentional torts are most analogous to § 1983 claims[.]" *Id*. at 248. Borrowing a different statute of limitations based on the facts of each case "fails to recognize the enormous practical disadvantages of such a selection"—chief among them, an inability to "readily ascertain, with little risk of confusion or unpredictability, the applicable limitations period in advance of filing a § 1983 action." *Id*.

The *Doe 1* court interpreted *Wilson* and *Owens* as "merely appl[ying] the general principle that the most analogous State statute of limitations applies." 533 F. Supp. 3d at 574. But the Undersigned does not agree with such a limited reading of those cases. In fact, the Sixth Circuit recently indicated that the interests in uniformity and certainty applied in § 1983 litigation apply with equal force in the Title IX context. *See Bannister*, 49 F.4th at 1013 (favorably citing *King-White*, 803 F.3d at 759 ("The Supreme Court's reasoning in applying state personal injury limitations periods to § 1983 claims . . . applies with equal force to Title IX claims[.]") and *Stanley*, 433 F.3d at 1135 (citing the "interests in uniformity, certainty, and the minimization of unnecessary litigation" to support using the state's general personal injury statute of limitations to determine timeliness of a Title IX claim)). Thus, *Doe 1* does not save Ms. Pryor's claim.

7

## IV. CONCLUSION

For the reasons above, Ohio State's Motion for Summary Judgment (ECF no. 42) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**